17-446-cv
*Barrella v. Village of Freeport, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
                   *Circuit Judges,*
          LAWRENCE J. VILARDO,
                   *District Judge.*\*

---

CHRISTOPHER BARRELLA,

       *Plaintiff-Appellant,*                17-446-cv

       v.

VILLAGE OF FREEPORT and ANDREW HARDWICK,

       *Defendants-Appellees.*\*

---

**FOR PLAINTIFF-APPELLANT:**       PAUL P. ROONEY, Amanda M. Fugazy,
                                      Ellenoff Grossman & Schole LLP, New York,
                                      NY.

---

\* Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

\* The Clerk of Court is ordered to amend the caption of this case as shown herein.

**FOR DEFENDANT-APPELLEE**
**VILLAGE OF FREEPORT:**

KEITH M. CORBETT, Harris Beach PLLC,
Uniondale, New York

**FOR DEFENDANT-APPELLEE**
**ANDREW HARDWICK:**

KENNETH A. NOVIKOFF, Rivkin Radler LLP
Uniondale, New York

Appeal from an order of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-Appellant Christopher Barrella ("Barrella") appeals from a final judgment of the District Court, following a trial in which the jury found for Defendants-Appellees Village of Freeport ("the Village") and Andrew Hardwick ("Hardwick"). Barrella seeks reversal and remand to the District Court for a new trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

Barrella, a Lieutenant in the Freeport Police Department, alleges that he was passed over by the village's mayor at the time, Andrew Hardwick, for the position of police chief. He brought a civil rights action against the Village and Hardwick, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and § 1981, 42 U.S.C. § 1981. The first trial of this matter resulted in a verdict for Barrella. *Barrella v. Village of Freeport*, 43 F.Supp. 3d 136 (2014). We affirmed in part and vacated and remanded in part. *Village of Freeport v. Barrella*, 814 F.3d 594 (2d Cir. 2016). On January 30, 2017, following a new trial, the jury found for Freeport and Hardwick.

Barrella argues on appeal: that the District Court committed reversible error when it (1) allowed the Village and Hardwick to question Barrella about a 1994 class action race discrimination lawsuit he joined; (2) it excluded evidence of Hardwick's statements; (3) it excluded evidence related to Hardwick's treatment of other Caucasian employees of the Village; (4) it did not give a curative instruction after Hardwick's counsel allegedly made a "golden rule" argument in closing; and (5) it did not give curative instructions based on what Barrella claims were misstatements of law in closing argument by the Village and Hardwick as to "motivating factor."

Taking these claims *seriatim*, Barrella argues that the District Court prejudiced the jury by admitting evidence that he joined a 1994 class action lawsuit alleging race discrimination in Nassau County's administration of a police hiring examination. According to Barrella, *Outley v. City of New York*, 837 F.2d 587 (2d Cir. 1988)—which held that improper questioning about a plaintiff's past litigation in violation of Fed. R. Evid. 404(b), combined with reference to that questioning in summation, require a new trial—entitles him to a reversal of the jury verdict. We review a district court's evidentiary rulings for abuse of discretion. *Freeport*, 814 F.3d at 610. If there was an abuse of

---

[1] For a recitation of the background in this case, see *Village of Freeport v. Barrella*, 814 F.3d 594 (2d Cir. 2016).

discretion, we are required to determine whether the errors "were clearly prejudicial to the outcome of the trial, where prejudice is measured by assessing the error in light of the record as a whole." *Id.* (internal citation omitted). Upon a review of the record, we conclude that *Outley* does not require us to reverse the jury verdict, and that the District Court's admission of this evidence was not clearly erroneous.

Barrella contends that the District Court erred when it excluded evidence of Hardwick's statements allegedly demonstrating his discriminatory intent with respect to Barrella and with respect to other Village employees. Reviewing these evidentiary claims for abuse of discretion, we conclude that the District Court's decision to exclude the evidence at issue was not clearly erroneous.

Barrella argues that Hardwick's counsel engaged in "golden rule" argumentation during closing, which asks jurors to place themselves in the position of a party. He invites us to change our precedent regarding such arguments, requesting that we extend our prohibition on golden rule arguments beyond the context of damages (the only context in which they are forbidden) to any kind of liability. *See Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990). We decline to do so. Regardless of whether Hardwick's counsel in fact made a "golden rule" argument during closing, his argument was not made in the context of damages, and a new trial is not warranted.

Last, Barrella claims that Hardwick's counsel misstated the law during closing as to whether race was a "motivating factor" in Hardwick's decision to promote someone above Barrella for police chief. We review whether counsel's conduct caused prejudice for abuse of discretion. *Pappas v. Middle Earth Condominium Ass'n*, 963 F.2d 534, 540 (2d Cir. 1992). In doing so, "we recognize the trial court's superior vantage point when evaluating the possible impact of the alleged prejudicial conduct." *Id.* Upon review of the record, we conclude that the District Court's decision not to issue curative instructions regarding Hardwick's discussion of "motivating factor" was not clearly erroneous.

## CONCLUSION

We have reviewed all the arguments raised by Barrella on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3